UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OTIS MICHAEL BRIDGEFORTH,

                                  Plaintiff,

        vs.                                           9:09-CV-888

W. PARMER, *et al.*,                               (DNH/ATB)

                                  Defendants.
_____

OTIS MICHAEL BRIDGEFORTH, Plaintiff *pro se*
CHARLES J. QUACKENBUSH, AAG, Attorney for Defendants

ANDREW T. BAXTER[1], United States Magistrate Judge

### REPORT-RECOMMENDATION

      This matter has been referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable David N. Hurd, United States District Judge.  In this civil rights complaint (Dkt. No. 1), plaintiff alleges that, while he was an inmate in the custody of the Upstate Correctional Facility ("Upstate"), defendants denied him constitutionally adequate medical care by delaying his prescription for an asthma inhaler and ultimately replacing it with a different one. He seeks substantial damages.

      Presently before this court is defendants' motion to dismiss plaintiff's complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 17).  After defendants' motion was filed, plaintiff filed a response in opposition to defendants'

---

    [1]  This case was originally assigned to Magistrate Judge Gustave J. Di Bianco, but was re-assigned to me upon Judge Di Bianco's retirement.

motion (Dkt. No. 19).  For the following reasons, this court recommends that defendant's motion to dismiss be granted, and plaintiff's complaint be dismissed.

## I.   **Facts and Contentions**

Plaintiff was under the care of the medical staff at Upstate from April 2009 through August 2009, when he filed his complaint.  (*See* Compl. ¶ 4, Pl.'s Ex. 8).  On March 30, 2009, while he was still at Great Meadow Correctional Facility, plaintiff received a prescription for Proventil HFA (albuterol sulfate) to treat his asthma.  (Pl.'s Ex. 1).  He alleges that on May 19, 2009, he requested a medication refill for his asthma inhaler, but "never received his adequate medicine."  (Compl. ¶ 4).  Plaintiff refused the inhaler delivered to him on May 28, 2009, because it was not exactly the same kind as he had before.[2]  (Compl. at 6).[3]   Plaintiff filed a grievance and appealed it to the Superintendent and the Central Office Review Committee.  (Pl.'s Exs. 6, 7, 8).  Plaintiff now fears defendants will "retaliate and somehow attack" him.[4]  (Compl. at 9;

---

[2] Plaintiff alleges his new inhaler was for "Flovent Ventolin HFA," which would be impossible.  Flovent and Ventolin are two different types of inhalers, both prescribed to treat asthma.  Proventil and Ventolin are both Albuterol inhalers, but they are made by different companies.  Ventolin HFA is made by GlaxoSmithKline and Proventil HFA is made by Schering-Plough.  *See* http://www.ventolin.com; http://www.proventilhfa.com.

[3] Plaintiff has not numbered the supplemental pages he attaches to his form complaint, so for clarity, the court will refer to unnumbered pages as if they were numbered consecutively from the first page of the form complaint.

[4] Although the complaint mentions retaliation, in order to establish such a claim of retaliation for the exercise of a constitutional right, plaintiff must show first, that he engaged in constitutionally protected conduct, and second, that the conduct was a substantial motivating factor for "adverse action" taken against him by defendants.  *Bennett v. Goord,* 343 F.3d 133, 137 (2d Cir. 2003).  The court must keep in mind that claims of retaliation are "easily fabricated" and  "pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration."  Accordingly, plaintiff must set forth non-conclusory allegations.  *Id.*  The conclusory allegation that plaintiff "fears" that defendants will retaliate in the *future* is not

*see also* Compl. at 6).

## II.   <u>Motion to Dismiss</u>

Defendants move to dismiss the complaint, arguing (1) that plaintiff is claiming mere disagreement with the medical judgment of prison medical providers regarding appropriate treatment and has not alleged any facts demonstrating "deliberate indifference" on the part of any defendant; (2) that plaintiff did not establish a serious medical need.

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted)*.*

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat *pro se* pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*,

---

sufficient to state a claim under § 1983.

171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d at 72 (the court may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the proceeding to one for summary judgment).

This court concludes that, even under the liberal standards applicable to a motion to dismiss a *pro se* complaint, the complaint fails to state a viable cause of action against any of the defendants or on any of the possible constitutional or statutory grounds referenced by plaintiff.  Accordingly, this court recommends that the complaint be dismissed.

## III.   <u>Claims of Inadequate Medical Care</u>

### A.    **Legal Standards**

In order to state an Eighth Amendment claim based on constitutionally inadequate medical treatment, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  There are two elements to the deliberate indifference standard.  *Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003).  The first element is objective and measures the severity of the deprivation, while the

second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind.  *Id.* at 184 (citing inter alia *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

### 1.    Objective Element

In order to meet the objective requirement, the alleged deprivation of adequate medical care must be "sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  Determining whether a deprivation is sufficiently serious also involves two inquiries.  *Id.*  The first question is whether the plaintiff was actually deprived of adequate medical care.  *Id.*  Prison officials who act "reasonably" in response to the inmates health risk will not be found liable under the Eighth Amendment because the official's duty is only to provide "reasonable care."  *Id.* (citing *Farmer*, 511 U.S. at 844–47).

The second part of the objective test asks whether the purported inadequacy in the medical care is "sufficiently serious."  *Id.* at 280.  The court must examine how the care was inadequate and what harm the inadequacy caused or will likely cause the plaintiff.  *Id.* (citing *Helling v. McKinney*, 509 U.S. 25, 32–33 (1993)).  If the "unreasonable care" consists of a failure to provide *any* treatment, then the court examines whether the inmate's condition itself is "sufficiently serious."  *Id.* (citing *Smith v. Carpenter*, 316 F.3d 178, 185–86 (2d Cir. 2003)).  However, in cases where the inadequacy is in the medical treatment that was actually afforded to the inmate, the inquiry is narrower.  *Id.*  If the issue is an unreasonable delay or interruption of ongoing treatment, then the "seriousness" inquiry focuses on the challenged delay

itself, rather than on the underlying condition alone. *Id.* (citing *Smith*, 316 F.3d at 185). Thus, the court in *Salahuddin* made clear that although courts speak of a "serious medical condition" as the basis for an Eighth Amendment claim, the seriousness of the condition is only one factor in determining whether the deprivation of adequate medical care is sufficiently serious to establish constitutional liability. *Id.* at 280.

### 2.    Subjective Element

The second element is subjective and asks whether the official acted with "a sufficiently culpable state of mind." *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 300 (1991)). In order to meet the second element, plaintiff must demonstrate more than a "negligent" failure to provide adequate medical care. *Id.* (citing *Farmer*, 511 U.S. at 835–37). Instead, plaintiff must show that the defendant was "deliberately indifferent" to that serious medical condition. *Id.* Deliberate indifference is equivalent to subjective recklessness. *Id.* (citing *Farmer*, 511 U.S. at 839–40).

In order to rise to the level of deliberate indifference, the defendant must have known of and disregarded an excessive risk to the inmate's health or safety. *Id.* (citing *Chance*, 143 F.3d at 702). The defendant must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must draw that inference. *Chance*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The defendant must be subjectively aware that his or her conduct creates the risk; however, the defendant may introduce proof that he or she knew the underlying facts, but believed that the risk to which the facts gave rise was

6

"insubstantial or non-existent." *Farmer*, 511 U.S. at 844.  Thus, the court stated in *Salahuddin* that the defendant's belief that his conduct posed no risk of serious harm "need not be sound so long as it is sincere," and "even if objectively unreasonable, a defendant's mental state may be nonculpable." *Salahuddin* 467 F.3d at 281.

Additionally, a plaintiff's disagreement with prescribed treatment does not rise to the level of a constitutional claim.  *Sonds v. St. Barnabas Hosp. Correctional Health Services*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001).  Prison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates. *Id.* (citations omitted).  An inmate does not have the right to treatment of his choice. *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986).  Because plaintiff might have preferred an alternative treatment or believes that he did not get the medical attention he desired does not rise to the level of a constitutional violation. *Id.*

Disagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment. *Sonds*, 151 F. Supp. 2d at 312 (citing *Estelle v. Gamble*, 429 U.S. at 107).  Even if those medical judgments amount to negligence or malpractice, malpractice does not become a constitutional violation simply because the plaintiff is an inmate. *Id.  See also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (negligence not actionable under § 1983).  Thus, any claims of malpractice, or disagreement with treatment are not actionable under § 1983.

### B.    Application of Legal Standards

Defendants assert that the complaint alleges nothing to suggest that, in treating

plaintiff, any defendant acted or failed to act believing that harm would actually result. Plaintiff makes his claims against three medical professionals who provided him with medical care while at Upstate, but alleges no facts that indicate that any defendant was deliberately indifferent to treating plaintiff's asthma.  On the contrary, plaintiff refused medication that defendant Parmer prescribed.

Plaintiff first asserts that the "second inhaler should [have] been served when the plaintiff requested [a] medication refill [on] May 19, 2009," and alleges that there was a delay in his medical treatment.  (Compl. at 6).  However, there was no actual delay in *treatment*, because although it took ten days to get the new inhaler, when defendant Holmes attempted to deliver it, plaintiff describes his old inhaler as being only "near empty," or "not completely empty." (Compl. at 6, 25).  Plaintiff's subsequent "lack of inhaler" was because he refused the replacement inhaler.  (Pl.'s Ex. 6 p. 3).  Thus, plaintiff's claim of deliberate indifference due to a delay in medical treatment is without merit and should be dismissed.

Plaintiff also alleges that he received the wrong medication.  Plaintiff learned his prescription had changed when he met with defendant Parmer, a Physician's Assistant, who informed plaintiff that the prescription had been written the day before. (Pl.'s Ex. 15).  Later that day, when plaintiff's new inhaler was given to him at his cell by defendant Holmes, a Registered Nurse, plaintiff "simply told her bye bye," because the new inhaler was "Flovent," not "Albuterol."  (Compl. at 6, 8 Pl.'s Ex. 15). Plaintiff alleges that defendant Holmes "attempted to distribute a[n] inadequate, unconsulted medicine." *Id.*  Plaintiff refused the new inhaler and was left "without no

inhaler." *Id.*  As stated above, plaintiff's disagreement with the medical staff at
Upstate regarding the appropriate medication for his asthma does not create a
constitutional violation and fails to state a claim under § 1983.

Additionally, plaintiff appears confused about the names of the medications he
was prescribed.  He states in his complaint that he was initially prescribed "Albuteral
[sic] Sulfate HFA," but that the staff at Upstate brought him "Flovent" as a
replacement.  (Compl. at 4, 6, 8, ¶4).  He later calls the medication "Flovent Ventolin
HFA" and "Flovent Proventil."  (Compl. at 8, 24).  Plaintiff included a copy of his
initial prescription, which is for "Albuterol HFA" and also includes the "Patient's
Instructions for Use," which indicates the medication is "Proventil HFA (albuterol
sulfate)."  (Pl.'s Ex. 1).

After plaintiff "refused the defendants' unconsulted and untested 'inadequate
medication,'"  (Pl.'s Resp. ¶ 9), he wrote a letter to the Nurse Administrator,
Defendant Smith, complaining of the change in prescription.  (Pl.'s Ex. 15).  Plaintiff
also filed a grievance dated May 29, 2009.  (Pl.'s Ex. 6).  Defendant Smith responded
through a memorandum dated June 1, 2009, explaining that "Albuterol MDI is no
longer manufactured.  You received the alternative to that drug by NP[5] Parmer.  As I
explained to you—the current provider determines your current medical needs.  You
can refuse treatment—it is[,] however, against medical advice."  (Pl.'s Ex. 16).  In
another memo dated the same day, Defendant Smith explained further that plaintiff's

---

[5]Nurse practitioner–plaintiff refers to defendant Parmer as a physician assistant, but
exactly what licenses defendant Parmer possesses is irrelevant to the court's analysis.

"inhaler was replaced by a similar one by the NP on your block.  It was not necessary for you to be seen to do so."  (Pl.'s Ex. 18).

The reponse of the Inmate Grievance Review Committee ("IGRC") explained further that "[defendant] Parmer wrote a new prescription on 5/28/09 as the pharmacy won't refill orders from other facilities . . . Ventolin, Proventil and Albuterol are all the same medication."  (Pl.'s Ex. 7).  They also noted that when "inmates draft in with a current med order health care providers are not required to see [inmates] prior to ordering med as it is legally a current order."  *Id.*  Plaintiff appealed the decision of the IGRC to the Superintendent, who explained, just like defendant Holmes explained when she delivered plaintiff's new inhaler, "both Ventolin HFA and Proventil HFA are Albuterol Sulfate Bronchodilators [sic]."  (Pl.'s Ex. 8).  Indeed, the only difference between Ventolin HFA and Proventil HFA is manufacturer.[6]  Plaintiff was clearly prescribed the same medication, but with different brand names and manufacturers. Even if he hadn't been prescribed the same medication, his medical providers were the ones to decide plaintiff's treatment, not plaintiff.

The fact that plaintiff failed to comply with the treatment directions of the medical staff also undermines his claim of deliberate indifference by the medical staff at Upstate.  *See, e.g.*, *Amin v. County of Onondaga New York*,  5:02-CV-320 (HGM/GHL), 2006 WL 1650764 at *8, 2006 U.S. Dist. LEXIS 41978 (N.D.N.Y. Jun 13, 2006) (plaintiff's non-compliance with medical advice and treatment supported

---

[6] Ventolin HFA is made by GlaxoSmithKline and Proventil HFA is made by Schering-Plough.  *See* http://www.ventolin.com; http://www.proventilhfa.com.

summary judgment on deliberate indifference claim); *Jones v. Smith*, 784 F.2d 149, 151–52 (2d Cir. 1986) (plaintiff's history of declining treatment by prison doctors undermined his claim that they were deliberately indifferent in failing to treat his back issues).   Not only did the staff at Upstate provide plaintiff with medical care for his asthma, they also tried to explain to him that the new inhaler was the same medication. (Pl.'s Ex. 15).   Plaintiff repeatedly alleges that defendants' actions amount to "medical neglect" and "malpractice," (Pl.'s Ex. 15) which, even if it were true, would not be actionable under § 1983.   *See Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 1999) ("mere malpractice of medicine in prison does not amount to an Eighth Amendment violation").   Plaintiff's complaint should be dismissed.

## VI.   <u>Dismissal</u>

The court is well aware that generally, a district court should not dismiss a pro se complaint on the pleadings without granting leave to amend *at least once* when a liberal reading of the complaint gives any indication that a valid complaint may be stated.   *Cuoco v. Moritsugo*, 222 F.3d 99, 112 (2d Cir. 2000).   Plaintiff already attempted to amend his complaint (Dkt. No. 6), but his motion was denied by Judge Hurd's Decision and Order entered on January 21, 2010 (Dkt. No. 20).   Plaintiff's medical indifference claims were not analyzed in Judge Hurd's Decision and Order. *Id.* at 11 n.5.   This court has now analyzed these claims, and based on plaintiff's submissions, which consist of many of the documents that would have been produced during discovery, it is apparent that it would be futile for plaintiff to amend his complaint.   It is clear from plaintiff's own submissions that there was no delay in

11

treatment and he was given the same medication, notwithstanding a difference in the name.  Thus, the court may dismiss the complaint with prejudice.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss the complaint (Dkt. No. 17) be GRANTED, and the complaint DISMISSED, with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.


Dated: June 22, 2010

Hon. Andrew T. Baxter
U.S. Magistrate Judge